UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-10-1015 |
| | § | |
| ISRAEL GARZA | § | |

**ORDER**

Pending before the Court is Defendant Israel Garza's Motion for Dismissal. (D.E. 18.) For the reasons stated herein, said motion is DENIED without prejudice.

**I.    Jurisdiction**

The Court has federal subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving federal district courts subject matter jurisdiction over "all offenses against the laws of the United States," as Defendant is charged with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

**II.   Background**

According to the Government's criminal complaint, on October 23, 2010, Defendant, the driver of a blue 2000 Peterbilt, was stopped at the United Stated Border Patrol Checkpoint in Falfurrias, Texas by Border Patrol Agent Terrence Donnelly. Defendant and his passenger, Sergio Silva, were questioned regarding their citizenship and the details of their trip. The exterior of the vehicle was sniffed by a canine. Upon receiving consent from Defendant, Donnelly searched the tractor and trailer of Defendant's vehicle and had the trailer x-rayed by a Backscatter. The search revealed anomalies, and further inspection revealed 145 bundles of marijuana weighing approximately 2,461.7 pounds. (D.E. 1, p. 1-2.)

Donnelly advised Garza of his *Miranda* rights. Defendant agreed to answer questions. Defendant revealed his trailer had been loaded in Weslaco a few days earlier and, when asked whether he saw it loaded, stated: "No, I just backed it up and they loaded it we are not allowed to see it being loaded." As to why he brought Silva with him, Garza stated: "his brother Leo Silva asked me to take his brother Sergio Silva to train him…I was going to be paid an extra seven cents per mile." (Id. at 3.)

Silva, who was also read his *Miranda* rights, refused to answer questions about the trailer, stating that he wanted his lawyer. (Id.)

Subsequently, TFO Duane Pacheco and TFO Todd Beach arrived at the Check Point. They took custody of Defendant and Silva and all evidence associated with the investigation. After he was again read his *Miranda* rights and signed a *Miranda* form as witnessed by TFO Beach, Garza stated he believed he was transporting approximately 300 pounds of marijuana and was going to be paid $5000 to deliver the marijuana to an unknown location. (Id.) Silva again declined to answer questions without the presence of an attorney. (Id.)

On November 10, 2010, Defendant was indicated by a grand jury, charged with possession of more than 100 kilograms (approximately 980.3 pounds) of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (D.E. 11.)

On December 30, 2010, Defendant filed this motion for dismissal. (D.E. 18.)

### III. Discussion

Defendant argues the Court has no jurisdiction to hear his case because "the State has not satisfied the Corpus Delicti." (D.E. 18, p. 1) (citing United States v. Shunk, 881 F.2d 917, 920 (10th Cir. 1989)). Defendant "ask[s] the court to have the prosecution produce either a party or at least a sworn written statement from a party which shows that they have incurred harm, loss,

or injury and can connect [his] accused actions to this harm, loss or injury. If the prosecution cannot produce these I ask that this case be dismissed." (Id.)

The Supreme Court has explained that "[t]he general rule that an accused may not be convicted on his own uncorroborated confession has previously been recognized by this Court, and has been consistently applied in the lower federal courts and in the overwhelming majority of state courts. Its purpose is to prevent 'errors in convictions based upon untrue confessions alone'; its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused." Smith v. United States, 348 U.S. 147, 152-153 (U.S. 1954) (internal citations removed).

"The corroboration rule, at its inception, served an extremely limited function. In order to convict [defendants] of serious crimes of violence, then capital offenses, independent proof was required that someone had indeed inflicted the violence, the so-called *corpus delicti*. Once the existence of the crime was established, however, the guilt of the accused could be based on his own otherwise uncorroborated confession." Id.

Relying on the Supreme Court's decisions in Smith and Opper v. United States, 348 U.S. 84, 93 (U.S. 1954), the Fifth Circuit has explained that the "corroborative evidence need not be sufficient, independent of a confession or admission of an accused, to establish all elements of a crime allegedly committed. Indeed, the Government fulfills its duty when it introduces **substantial independent evidence which tends to establish the trustworthiness of an accused's admissions**." West v. Johnson, 92 F.3d 1385, 1394 (5th Cir. 1996) (emphasis added) (citing United States v. Seckler, 431 F.2d 642, 643 (5th Cir. 1970); United States v. Abigando, 439 F.2d 827, 833 (5th Cir. 1971) ("a confession can be corroborated by bolstering parts of it to

show trustworthiness. Some elements can be proved by the confession alone"); United States v. Gresham, 585 F.2d 103, 107 (5th Cir. 1978) (same)).

The court further explained, regarding Texas's *corpus delecti* requirement: "A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of the jury beyond a reasonable doubt. Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. Full proof of the body of the crime, the *corpus delecti* [sic], independently of the confession is not required by any of the cases. . . . [citations omitted]." Id. at 1394-1395 (quoting Thomas v. State, 108 Tex. Crim. 131, 299 S.W. 408, 410 (Tex. Cr. App. 1927)).

In this case, Defendant argues that the Government has not satisfied the *corpus delicti* and that his case must be dismissed. (D.E. 18, p. 1.) Defendant does not indicate precisely how the doctrine applies to the charged offense: possession of marijuana with intent to distribute. Regardless, under the principles recited above, the *corpus delicti* requirement does not require dismissal of Defendant's case. The Government has fulfilled its duty to introduce "substantial independent evidence" tending to establish the trustworthiness of Defendant's admissions. West, 92 F.3d at 1394. The circumstances related in Defendant's statements – including his statement that he was transporting approximately 300 pounds of marijuana and was going to be paid $5000 to deliver the marijuana to an unknown location; his recounting of the circumstances of loading the marijuana into the vehicle; and his explanation for the presence of Silva in the vehicle – reasonably correspond to the corroborative circumstances introduced by the Government and

may be "sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused." West, 92 F.3d at 1394 (quoting Thomas, 108 Tex. Crim. 131, 299 S.W. at 410). The Government need not present corroborative evidence of every element of the offense. "[A] confession can be corroborated by bolstering parts of it to show trustworthiness. Some elements can be proved by the confession alone." Abigando, 439 F.2d at 833 (citing Opper, 348 U.S. at 156); see also Thomas, 108 Tex. Crim. 131, 299 S.W. at 410 ("Full proof of the body of the crime, the *corpus delecti* [sic], independently of the confession is not required[.]") (Tex. Cr. App. 1927)). Thus, for example, the Government can rely on Defendant's statements, as well as circumstantial evidence, to prove the elements of knowledge and intent to distribute.

Accordingly, the *corpus delicti* is sufficiently established by the Government for Defendant's case to proceed. Defendant remains free to attack the sufficiency of the Government's evidence at the conclusion of the Government's evidence at trial.

**IV.     Conclusion**

For the reasons stated herein, Defendant's Motion for Dismissal (D.E. 18) is DENIED without prejudice.

SIGNED and ORDERED this ____ day of January, 2011.

### ORDER

Pending before the Court is Defendant Israel Garza's Motion for Dismissal. (D.E. 18.) For the reasons stated herein, said motion is DENIED without prejudice.

**I.     Jurisdiction**

The Court has federal subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving federal district courts subject matter jurisdiction over "all offenses against the laws

a
a

of the United States," as Defendant is charged with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

## II. Background

According to the Government's criminal complaint, on October 23, 2010, Defendant, the driver of a blue 2000 Peterbilt, was stopped at the United Stated Border Patrol Checkpoint in Falfurrias, Texas by Border Patrol Agent Terrence Donnelly. Defendant and his passenger, Sergio Silva, were questioned regarding their citizenship and the details of their trip. The exterior of the vehicle was sniffed by a canine. Upon receiving consent from Defendant, Donnelly searched the tractor and trailer of Defendant's vehicle and had the trailer x-rayed by a Backscatter. The search revealed anomalies, and further inspection revealed 145 bundles of marijuana weighing approximately 2,461.7 pounds. (D.E. 1, p. 1-2.)

Donnelly advised Garza of his *Miranda* rights. Defendant agreed to answer questions. Defendant revealed his trailer had been loaded in Weslaco a few days earlier and, when asked whether he saw it loaded, stated: "No, I just backed it up and they loaded it we are not allowed to see it being loaded." As to why he brought Silva with him, Garza stated: "his brother Leo Silva asked me to take his brother Sergio Silva to train him…I was going to be paid an extra seven cents per mile." (Id. at 3.)

Silva, who was also read his *Miranda* rights, refused to answer questions about the trailer, stating that he wanted his lawyer. (Id.)

Subsequently, TFO Duane Pacheco and TFO Todd Beach arrived at the Check Point. They took custody of Defendant and Silva and all evidence associated with the investigation. After he was again read his *Miranda* rights and signed a *Miranda* form as witnessed by TFO Beach, Garza stated he believed he was transporting approximately 300 pounds of marijuana and

was going to be paid $5000 to deliver the marijuana to an unknown location. (Id.) Silva again declined to answer questions without the presence of an attorney. (Id.)

On November 10, 2010, Defendant was indicted by a grand jury, charged with possession of more than 100 kilograms (approximately 980.3 pounds) of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (D.E. 11.)

On December 30, 2010, Defendant filed this motion for dismissal. (D.E. 18.)

### III.  Discussion

Defendant argues the Court has no jurisdiction to hear his case because "the State has not satisfied the Corpus Delicti." (D.E. 18, p. 1) (citing United States v. Shunk, 881 F.2d 917, 920 (10th Cir. 1989)). Defendant "ask[s] the court to have the prosecution produce either a party or at least a sworn written statement from a party which shows that they have incurred harm, loss, or injury and can connect [his] accused actions to this harm, loss or injury. If the prosecution cannot produce these I ask that this case be dismissed." (Id.)

The Supreme Court has explained that "[t]he general rule that an accused may not be convicted on his own uncorroborated confession has previously been recognized by this Court, and has been consistently applied in the lower federal courts and in the overwhelming majority of state courts. Its purpose is to prevent 'errors in convictions based upon untrue confessions alone'; its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused." Smith v. United States, 348 U.S. 147, 152-153 (U.S. 1954) (internal citations removed).

"The corroboration rule, at its inception, served an extremely limited function. In order to convict [defendants] of serious crimes of violence, then capital offenses, independent proof

was required that someone had indeed inflicted the violence, the so-called *corpus delicti*. Once the existence of the crime was established, however, the guilt of the accused could be based on his own otherwise uncorroborated confession." Id.

Relying on the Supreme Court's decisions in Smith and Opper v. United States, 348 U.S. 84, 93 (U.S. 1954), the Fifth Circuit has explained that the "corroborative evidence need not be sufficient, independent of a confession or admission of an accused, to establish all elements of a crime allegedly committed.  Indeed, the Government fulfills its duty when it introduces **substantial independent evidence which tends to establish the trustworthiness of an accused's admissions**." West v. Johnson, 92 F.3d 1385, 1394 (5th Cir. 1996) (emphasis added) (citing United States v. Seckler, 431 F.2d 642, 643 (5th Cir. 1970); United States v. Abigando, 439 F.2d 827, 833 (5th Cir. 1971) ("a confession can be corroborated by bolstering parts of it to show trustworthiness. Some elements can be proved by the confession alone"); United States v. Gresham, 585 F.2d 103, 107 (5th Cir. 1978) (same)).

The court further explained, regarding Texas's *corpus delecti* requirement: "A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of the jury beyond a reasonable doubt.  Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of  the accused. Full proof of the body of the crime, the *corpus delecti* [sic], independently of the confession is not required by any of the cases. . . . [citations omitted]." Id. at 1394-1395 (quoting Thomas v. State, 108 Tex. Crim. 131, 299 S.W. 408, 410 (Tex. Cr. App. 1927)).

In this case, Defendant argues that the Government has not satisfied the *corpus delicti* and that his case must be dismissed. (D.E. 18, p. 1.) Defendant does not indicate precisely how the doctrine applies to the charged offense: possession of marijuana with intent to distribute. Regardless, under the principles recited above, the *corpus delicti* requirement does not require dismissal of Defendant's case. The Government has fulfilled its duty to introduce "substantial independent evidence" tending to establish the trustworthiness of Defendant's admissions. West, 92 F.3d at 1394. The circumstances related in Defendant's statements – including his statement that he was transporting approximately 300 pounds of marijuana and was going to be paid $5000 to deliver the marijuana to an unknown location; his recounting of the circumstances of loading the marijuana into the vehicle; and his explanation for the presence of Silva in the vehicle – reasonably correspond to the corroborative circumstances introduced by the Government and may be "sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused." West, 92 F.3d at 1394 (quoting Thomas, 108 Tex. Crim. 131, 299 S.W. at 410). The Government need not present corroborative evidence of every element of the offense. "[A] confession can be corroborated by bolstering parts of it to show trustworthiness. Some elements can be proved by the confession alone." Abigando, 439 F.2d at 833 (citing Opper, 348 U.S. at 156); see also Thomas, 108 Tex. Crim. 131, 299 S.W. at 410 ("Full proof of the body of the crime, the *corpus delecti* [sic], independently of the confession is not required[.]") (Tex. Cr. App. 1927)). Thus, for example, the Government can rely on Defendant's statements, as well as circumstantial evidence, to prove the elements of knowledge and intent to distribute.

Accordingly, the *corpus delicti* is sufficiently established by the Government for Defendant's case to proceed. Defendant remains free to attack the sufficiency of the Government's evidence at the conclusion of the Government's evidence at trial.

## IV. Conclusion

For the reasons stated herein, Defendant's Motion for Dismissal (D.E. 18) is DENIED without prejudice.

SIGNED and ORDERED this 4th day of January, 2011.

_Janis Graham Jack_
Janis Graham Jack
United States District Judge